IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE BROWN,

    Plaintiff,                    No. CIV S-08-2286 GGH P

    vs.

SUSZANN HUBBARD, et al.,        ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' April 8, 2009, motion to dismiss pursuant to 28 U.S.C. § 1915(g). For the following reasons, the court recommends that defendants' motion be denied.

        28 U.S.C. § 1915(g) provides,

> In no event shall a prisoner bring a civil action or appeal in a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

        Defendants argue that plaintiff has had at least three prior actions dismissed or otherwise rejected as frivolous, malicious or for failing to state a claim. Attached as an exhibit to

1

the motion is a copy of an order filed January 31, 2008, in <u>Brown v. Department Adult Parole Operations</u>, ED CV 08-11 (JV) (C.D. Cal. 2008) dismissing plaintiff's action as legally and or factually patently frivolous.  Also attached is a copy of an order signed September 24, 2008, in <u>Brown v. Gonzales</u>, CIV S-07-0150 JAM EFB P (E.D. Cal. 2007), dismissing plaintiff's action for failure to state a claim.  Attached to defendants' motion is a copy of an order in <u>Brown v. State of California</u>, No. C 07–174 PJH (PR) (N. D. Cal. 2007) signed January 18, 2007, dismissing plaintiff's case for failing to state a claim against any defendant.   Finally, defendants have also attached a copy of an order filed in <u>Brown v. Schwarzeneggar</u>, CIV S-06-2921 LKK KJM P (E.D. Cal. 2006) signed June 14, 2007, dismissing the action as frivolous.

        The instant action was filed on September 24, 2008.  Whether <u>Brown v. Gonzales</u> may count as a strike is unclear because it was dismissed the same day this action was filed.[1]  Nevertheless, plaintiff has had three actions dismissed as legally frivolous prior to the filing of this action.

        In his opposition filed April 28, 2009, plaintiff does not seriously dispute that he has three strikes pursuant to 28 U.S.C. § 1915(g).  Plaintiff argues that this action should not be dismissed because in the complaint he alleges that he is under imminent danger of serious physical injury.  To meet this exception, plaintiff must have alleged facts demonstrating that he was "under imminent danger" at the time of filing the complaint. <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1052-53 (9th Cir.2007).

        At the time plaintiff filed the complaint, he was housed at Deuel Vocational Institute (DVI).  Plaintiff alleges that because he is legally blind doctors have ordered that he be provided with assistance while grooming, dressing and eating.  Plaintiff also alleges that doctors have ordered that he be provided with a lower bunk on a lower tier with no stairs in his path of

---

[1] Section 1915(g) provides that actions must be dismissed prior to the time the at-issue action is brought to qualify as strikes.  <u>See</u> <u>Tierney v. Kupers</u>, 128 F.3d 1310, 1311 (9th Cir. 1997)(italics in original)("This language makes clear its application to claims dismissed *prior* to the current proceedings.").

1 travel. Plaintiff alleges that while housed at the California Medical Facility (CMF) and DVI,
2 these orders were disregarded. While much of the complaint is devoted to a discussion of the
3 conditions at CMF, plaintiff specifically alleges that he was transferred from CMF to DVI "and
4 upon arrival again has been denied the orders of a physician for treatment." Complaint, p. 3.
5 As relief, plaintiff seeks money damages and injunctive relief in the form of an order that the
6 physicians' orders be complied with.

7       The court finds that plaintiff's allegations that prison officials at DVI ignored the
8 doctors' orders that he be provided with assistance while grooming, dressing and eating, and that
9 he be provided with a lower tier/lower bunk cell and no stairs in his path meet the imminent
10 danger exception for § 1915(g). By allegedly disregarding the doctors' orders, defendants at DVI
11 subjected plaintiff to imminent danger of serious physical injury. Without the doctor ordered
12 assistance during grooming, dressing and eating, plaintiff could seriously injure himself. In
13 addition, plaintiff could seriously injure himself were he housed in an upper tier/upper bunk and
14 required to walk up and down stairs.

15       Since the filing of this action, plaintiff has been transferred back to CMF, where
16 he presumably is subject to the same alleged deprivations. In any event, the post-filing transfer
17 of a prisoner out of the prison at which the danger allegedly existed does not affect the § 1915(g)
18 analysis. Id. at 1053.

19       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall assign
20 a district judge to this action; and

21       IT IS HEREBY RECOMMENDED that defendants' April 8, 2009, motion to
22 dismiss (no. 14) be denied, and defendants be ordered to answer the complaint.

23       These findings and recommendations are submitted to the United States District
24 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
25 days after being served with these findings and recommendations, any party may file written
26 objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: June 2, 2009                              /s/ Gregory G. Hollows

6                                                                  UNITED STATES MAGISTRATE JUDGE

9  br2286.57

4