IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE BROWN,

    Plaintiff,                         No. CIV S-08-2286 FCD GGH P

    vs.

SUZANN HUBBARD, et al.,

    Defendants.                  <u>FINDINGS & RECOMMENDATIONS</u>

                                /

          Pending before the court is plaintiff's September 11, 2009, motion to compel. In this motion, plaintiff seeks an order directing defendants to provide him with an "adequate means of daily living assistance." In particular, plaintiff requests that, based on his disabilities, upon his release on parole, defendants be ordered to provide him with a care giver, safe housing and financial assistance. On September 16, 2009, plaintiff filed a notice of change of address indicating that he is no longer incarcerated. The court construes plaintiff's motion to compel as a request for injunctive relief.

          In the operative complaint, plaintiff alleges that defendants refused to provide him with adequate assistance for his disabilities while he was housed in state prison. Plaintiff makes no claim regarding defendants' obligation to assist him upon his release on parole.

          "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an

injunction is in the public interest.'" Stormans, Inc. v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008).  Moreover, injunctive relief can only be awarded on claims fairly encompassed within the operative complaint.  DeBeers etc. v. United States, 325 U.S. 212, 220 (1945); *cf* Johnson v. Couturier, 572 F.3d 1067, 1084 (9th Cir. 2009).

Because the claims raised in the pending motion concern matters unrelated to those raised in the complaint, the court finds that plaintiff has not demonstrated a likelihood of success on the merits of this action.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's September 11, 2009, motion to compel (no. 25), construed as a motion for injunctive relief, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   November 2, 2009

 /s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

br2286.inj